UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TRINITY MEDICAL SERVICES, L.L.C., PERFORMANCE LABS, L.L.C., AND PRESTIGE HEALTHCARE SOLUTIONS, L.L.C. *<br>*v.*<br>MERGE HEALTHCARE SOLUTIONS, INC.<br>* * * * * * * * * * * * * * * * * * * * * * * * * | * <br>* CIVIL ACTION NO. 3:17-CV-00592<br>*<br>* JUDGE DEGRAVELLES<br>*<br>* MAG. JUDGE WILDER-DOOMES<br>* |

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
MERGE'S RENEWED MOTION TO DISMISS**

Performance Labs, L.L.C. ("Performance") and Prestige Healthcare Solutions, L.L.C. ("Prestige," and collectively with Performance and Trinity Medical Services, L.L.C., "Plaintiffs"), submit this brief supplemental memorandum attaching recent deposition testimony that supports Performance's and Prestige's Opposition to Merge Healthcare Solutions, Inc.'s ("Merge") pending Motion to Dismiss, Doc. 39.

**INTRODUCTION**

In its renewed Motion to Dismiss, Merge contends that Plaintiffs cannot allege facts establishing a contractual relationship between Performance, Prestige, and Merge. This argument is flatly refuted by the May 16, 2019 deposition testimony of Ron Poe—formerly Merge's national sales representative—who emphasized he specifically knew of Performance and about Performance's intended use of the Merge LIS software when he marketed to Plaintiffs and drafted Plaintiffs' contract, and also traded emails regarding Prestige. Mr. Poe's testimony confirms Plaintiffs' allegations that Merge always intended to—and *did*—establish a contractual bond with Trinity, Performance, *and* Prestige. For these reasons, and the reasons stated in Plaintiffs' Opposition Memorandum, Merge's renewed Motion to Dismiss must be denied.

**RON POE'S DEPOSITION TESTIMONY ESTABLISHES
A CONTRACTUAL RELATIONSHIP WITH PERFORMANCE AND PRESTIGE**

To recall, Merge argues that Performance's and Prestige's redhibition and rescission

1437023v.2

claims fail because these entities are not signatories to the January 2016 Sales Order. Doc. 39-1 at 6-7. Plaintiffs debunked this argument in their Opposition, explaining that a contract is simply an agreement creating obligations among parties[1]; that such obligations require "mutual consent," formed through "offer and acceptance"[2]; and that "offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent."[3] Plaintiffs' Opposition further identifies specific allegations in the Second Amended Petition establishing Merge's contractual obligations to Performance and Prestige. Doc. 41 at 3-5.

Now, Merge's own salesman confirms Plaintiffs' allegations. Prior to his retirement, Mr. Poe was Merge's national sales representative for the Merge LIS product; in this role, he was solely responsible for marketing Merge LIS, and servicing *all* Merge LIS clients, including Plaintiffs.[4] Mr. Poe testified that when marketing to Plaintiffs in late 2015 (prior to drafting and executing the January 2016 Sales Order) he knew that Trinity and Performance were separate entities with separate financial statements and tax records[5]; that Performance would be deploying Merge's LIS software at its Mandeville lab[6]; and, further, that he traded emails stating that Trinity's activity occurred in its subsidiaries, specifically *including* Performance *and* Prestige.[7]

---

[1] *Okuarume v. S. Univ. of New Orleans*, 2017-0897 (La. App. 4 Cir. 4/25/18), 245 So. 3d 1260, 1264.

[2] *Id.* A valid contract also requires capacity to contract, a certain object, and lawful cause. *Id.* Merge disputes only the mutual consent element, conceding that Performance and Prestige establish these three remaining elements.

[3] *Id.*

[4] **Exhibit A,** Excerpts of Deposition Testimony of Ron Poe (May 16, 2019) [*hereinafter* "Poe Deposition"], at 19:1-3 ("Q. So were you the only sales representative at that point covering the whole country? A. At one point."); *id.* at 81:8-84:5 (explaining that when marketing to and contracting with Plaintiffs, Mr. Poe was Merge's "sole sales representative").

[5] Poe Deposition at 175:2-6 ("Q. So at the time you prepared this [in December 2015], you knew that Trinity Medical Services, LLC and Performance Labs, LLC were separate entities, correct? A. Uh-huh, yes.").

[6] Poe Deposition at 177:2-5 ("Q. And then the bottom right we see the Performance Lab [sic] site, that's another site where the software was to be deployed, correct? A. That's correct.").

[7] Poe Deposition at 195:13-17 ("Q. But my question is regarding the text of the email. Putting aside the attachments, did you read this text, Performance, Lite and Prestige prior to responding to this email? A. I would say most likely I did.").

Mr. Poe's deposition testimony removes any doubt that by December 2015—*prior* to contracting with Plaintiffs—Merge knew of Performance and about Performance's intended use of the Merge LIS software, and also received information regarding Prestige. In short, Mr. Poe's deposition testimony confirms Plaintiffs' allegations that Merge established a contractual relationship with Performance and Prestige, thus defeating Merge's spurious challenge to Performance's and Prestige's redhibition and rescission claims.

## CONCLUSION

For these reasons, and those already stated in Plaintiffs' original opposition Memorandum, Doc. 41, Merge's renewed motion to dismiss must be denied.[8]

Respectfully Submitted,

 /s/ Jesse C. Stewart
James R. Swanson (18455)
Jason W. Burge (30420)
Jesse C. Stewart (36282)
FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, 46th floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile:  (504) 586-5250
*Attorneys for Plaintiffs Trinity Medical Services, L.L.C., Performance Labs, L.L.C., and Prestige Worldwide Leasing, L.L.C.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

 /s/ Jesse C. Stewart
Jesse C. Stewart

---

[8] Alternatively, Plaintiffs again respectfully request the opportunity to amend to add specificity. *See First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 178 F. Supp. 3d 390, 408 (E.D. La. 2016); *Palmer Ventures, L.L.C. v. Deutsche Bank, AG*, No. 04-706, 2008 WL 11351623, at *3 (M.D. La. Apr. 29, 2008).