UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRINITY MEDICAL SERVICES, L.L.C., PERFORMANCE LABS, L.L.C., AND PRESTIGE WORLDWIDE LEASING, L.L.C. | * * * * | CIVIL ACTION NO. 3:17-00592 JUDGE DEGRAVELLES |
| | * * | MAGISTRATE JUDGE WILDER-DOOMES |
| VERSUS | * * * | |
| MERGE HEALTHCARE SOLUTIONS, INC. | * * * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**MERGE HEALTHCARE SOLUTIONS, INC.'S
RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO MERGE'S MOTION TO DISMISS**

Defendant Merge Healthcare Solutions, Inc. ("Merge") submits this memorandum in response to the supplemental memorandum (Rec. Doc. 71) filed by plaintiffs Performance Labs, L.L.C. ("Performance") and Prestige Worldwide Leasing, L.L.C. ("Prestige") (collectively, with plaintiff Trinity Medical Services, L.L.C. ("Trinity"), "Plaintiffs").

**INTRODUCTION**

Plaintiffs' supplemental memorandum improperly relies on and attaches deposition testimony to attempt to rebut Merge's contention in its Rule 12(b)(6) motion to dismiss that Performance and Prestige fail to state a claim for redhibition and rescission because Merge had no contractual relationship with either entity. Because the Court should not consider evidence that is neither attached nor referred to in the pleadings when ruling on a motion to dismiss under Rule 12(b)(6), the Court should disregard Plaintiffs' supplemental memorandum. Even were the Court to consider the deposition testimony cited in the supplemental memorandum, however, that

testimony fails to establish that Merge had a contractual relationship with either Performance or Prestige.[1]

**LAW AND ARGUMENT**

I.  **The Court Should Disregard the Supplemental Memorandum, which Improperly Relies on Evidence in Opposition to a Motion to Dismiss under Rule 12(b)(6).**

The Court should disregard Performance and Prestige's supplemental memorandum because it improperly relies on deposition testimony, rather than on the allegations of the Second Amended Petition, in an attempt to rebut Merge's motion to dismiss.

It is well-established that "a 12(b)(6) inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007); *see also PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). When ruling on a motion to dismiss under Rule 12(b)(6), therefore, a district court may consider *only* the allegations in the complaint and documents referred to therein. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003); *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009) (explaining that, when ruling on motions under Rule 12(b)(6), "the court is directed to look solely at the allegations on the face of the pleadings"); *see, e.g., Isquith for and on Behalf of Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 192–95 & n.3 (5th Cir. 1988) (vacating district court order which accepted as true the allegations in plaintiffs' complaint, per the Rule 12(b)(6) motion to dismiss standard, but also considered evidence outside the complaint).

---

[1] By responding to Performance and Prestige's improper supplemental memorandum, Merge does not intend to convert its motion to dismiss into a motion for summary judgment.

2

Performance and Prestige's supplemental memorandum improperly attaches carefully selected excerpts from the transcript of the deposition of Ron Poe, and relies on those excerpts to try to rebut Merge's argument in its motion to dismiss that the Second Amended Petition fails sufficiently to assert redhibition and rescission claims because Performance and Prestige lacked a contractual relationship with Merge.[2] Performance and Prestige's citations to and attachment of Poe's testimony, which is outside the pleadings and not referenced therein, are entirely improper. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (concluding the district court erred in deciding a motion to dismiss when it considered evidence outside the pleadings). *Cf. Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (considering exhibits that "were sufficiently referenced in the complaint to permit their consideration on a motion to dismiss"); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (considering contracts that "were referred to in the complaints, and the contracts are central to the plaintiffs' claims"). Accordingly, the Court should not consider Performance and Prestige's improper supplemental memorandum or Poe's testimony when ruling on Merge's motion to dismiss under Rule 12(b)(6).

## II. Even Were the Court to Consider the Deposition Testimony, Performance and Prestige Still Fail to State a Claim Against Merge.

Even if the Court were to consider the deposition testimony of Ron Poe, which it should not, Plaintiffs still have failed to plead or establish that Performance or Prestige had any

---

[2] Because neither Performance nor Prestige is a party to the Sales Contract, the Court previously granted Merge's motion to dismiss their claims but provided Plaintiffs with "the opportunity to plead a contractual relationship between Prestige and Performance and Merge, if Plaintiffs have a good faith basis for doing so." Rec. Doc. 35 at 23. The Court also held Plaintiffs failed to allege any facts that could support the existence of a duty of disclosure owed by Merge to Performance or Prestige, but allowed Plaintiffs the chance to cure that deficiency as well. *Id.* Plaintiffs have failed to cure either deficiency.

3

contractual relationship with Merge, a necessary element of their redhibition and rescission claims against Merge. (*See* Rec. Doc. 39-1 at 6–9.) It is undisputed that there is no written contract between Merge and either Performance or Prestige, and that the sales contract admittingly exists only between Trinity and Merge. Totally absent is any allegation or even insinuation that Performance or Prestige purchased or contracted to purchase Merge's software. Indeed, Plaintiffs have failed specifically to identify any alleged contract, or the terms of any alleged contract, between Merge and either Performance or Prestige.

Ron Poe's testimony provides no support for Plaintiffs' conclusory assertion that "Merge established a contractual relationship with Performance and Prestige." (Rec. Doc. 71 at 3.) The cited excerpts do not involve contracts or contractual relations, and Poe never says any contract was entered into between Merge and either Performance or Prestige. At best, according to Plaintiffs, Poe says he was aware that Trinity, the only plaintiff signatory to the contract at issue, might use Merge's software at Performance's lab,[3] yet that alone does not give rise to any contractual relation between Merge and Performance,[4] nor does it satisfy any of the elements for

---

[3] As previously explained (*see* Rec. Doc. 39-1 at 12–14), whether a contract contains a stipulation *pour autrui* and confers any rights in favor of a third party turns on whether (1) the contract manifests a clear intention to benefit the third party, (2) there is certainty as to the benefit provided to the third party, and (3) the benefit is not merely an incident of the contract between the parties. *Joseph v. Hosp. Serv. Dist. No. 2 of the Parish of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006). The sales contract between Trinity and Merge does not contain an express stipulation *pour autrui* and does not manifest a clear intention to benefit a third party. Plaintiffs' argument that Merge knew or understood that Performance would use the software is immaterial; a contracting party's knowledge that a third party may derive benefit from the contract "does not evidence a clear manifestation of an intention by [the contracting party] to confer any direct benefit to [third parties] . . . to find the existence of a stipulation *pour autrui*." *See Zaveri v. Condor Petroleum Corp.*, 27 F. Supp. 3d 695, 705 (W.D. La. 2014).

[4] Nor of course does it establish a contract involving Prestige, which is not even mentioned in the cited part of the transcript as using the software.

4

finding a contract or for permitting redhibition or rescission.[5]  Plaintiffs do not, and cannot, cite any law to the contrary.  (Rec. Doc. 39 at 12-14.)   Any purported knowledge Ron Poe had of Trinity's affiliation with Performance or Prestige is insufficient to establish a contract between Merge and either Performance or Prestige under Louisiana law, or to permit redhibition or rescission.  Merge's motion to dismiss is well-founded and should be granted.

Respectfully submitted,

*/s/ Stephen H. Kupperman*
Stephen H. Kupperman, 7890
Laurence D. LeSueur, Jr., 35206
Viviana Aldous, IL Bar 6320208 (*pro hac vice*)
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
skupperman@barrassousdin.com
llesueur@barrassousdin.com
valdous@barrassousdin.com

*Attorneys for Merge Healthcare Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Stephen H. Kupperman*

---

[5]  The existence of a contract is an essential element of claims for redhibition and rescission.  *See TMA Leasing, Inc. v. Vacuum Truck Sales & Serv., LLC*, No. 15-708, 2016 WL 3351011, at *5 (M.D. La. Jun. 15, 2016) (dismissing rescission of contract and redhibition claims because no contract existed between the parties); *Miranda v. Toyota Motor Sales USA, Inc.*, No. 10-4155, 2010 WL 5058370, at *1 (E.D. La. Dec. 2, 2010) ("Under Louisiana law, Plaintiff has no action in redhibition because he was not the buyer of the subject vehicle.").